Fred **GROVES**, Plaintiff—Appellee, Cross–Appellant,

v.

**GREYHOUND LINES INC.,** Defendant—Appellant, Cross–Appellee,

v.

Greyhound Lines Inc., Third-party-plaintiff,

v.

Gilbert J. Fagnani, Third-party-defendant.

Nos. 02–35771, 02–35772.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Oct. 17, 2003.

Rehearing Denied Oct. 18, 2003.

Torger S. Oaas, Esq., William E. Berger, Esq., Lewiston, MT, for Plaintiff-Appellant.

Michael K. Rapkoch, Esq., Felt Martin Frazier Jacobs & Rapkoch, Billings, MT, for Defendant-Appellee/Third-Party-Plaintiff.

Before: D.W. NELSON, KOZINSKI, and MCKEOWN, Circuit Judges.

## MEMORANDUM *

The district court did not err in applying Montana law rather than North Dakota law. Montana has "the most significant relationship with this case." *Phillips v. General Motors Corp.*, 298 Mont. 438, 995 P.2d 1002, 1007 (Mont.2000). Nor did the district court abuse its discretion in denying Greyhound's motion to transfer under 28 U.S.C. § 1404.

The Montana Code, § 27–1–703, articulates a comparative negligence scheme and precludes the comparison of intentional conduct with negligent conduct. "[A]ll forms of conduct amounting to negligence ... are to be compared with any conduct that falls short of conduct intended to cause injury or damage." *Martel v. Montana Power Co.*, 231 Mont. 96, 752 P.2d 140, 143 (Mont.1988). *Pula v. State*, 308 Mont. 122, 40 P.3d 364 (Mont.2002), does not support Greyhound's position because the court in *Pula* did not address "how to apportion blame among several liable parties." *Id.* at 367. It was therefore error for the district court to allow the jury to compare Fagnani's intentional conduct with Greyhound's negligence when determining liability for Groves's injuries. This error contributed to an inconsistent jury verdict, and it is thus necessary to remand for a new trial. *See Toner v. Lederle*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Labs.,* 828 F.2d 510, 512 (9th Cir.1987) (noting that a new trial is the appropriate remedy where verdicts are irreconcilable).

 Groves also appeals the district court's punitive damages rulings. Groves, however, failed to demonstrate that the defendant acted with malice. Mont.Code Ann. § 27–1–221(1). Groves did not present any evidence to suggest, as a threshold matter, that there was a high probability that intoxicated passengers would injure other passengers, nor did he demonstrate that Greyhound knew that its procedure for dealing with disorderly or intoxicated passengers was inadequate. Therefore, it was not error for the district court to grant Greyhound's Rule 50 motion on the issue of punitive damages, nor did the district court abuse its discretion in limiting voir dire on this issue.

Lastly, the district court did not err in denying Greyhound's Rule 50 motion on the issue of liability. Under Montana law, foreseeability analysis cuts off a defendant's liability from consequences that are "freakish, bizarre or unpredictable." *Sizemore v. Montana Power Co.,* 246 Mont. 37, 803 P.2d 629, 635 (Mont. 1990). Groves's injuries can hardly be described in such terms. We cannot say that it was unforeseeable, as a matter of law, for the fight to continue for a few moments beyond what might have been necessary in hindsight.

REVERSED AND REMANDED with respect to the apportionment of liability and the resulting inconsistent verdict. AFFIRMED in all other parts. Costs on appeal shall be awarded to Groves.